Warner, C. J.
I. There are two grounds of error assigned to the judgment of the Court below in this case. First, that the County-Court, before which the defendant was tried, for having and carrying about his person a pistol concealed, in violation of the 4413th section of the Code, committed error in ruling out the evidence of Samuel Polfus and others, “that the defendant always had, and did on the day charged, carry his pistol openly and fully exposed to view, and that if it was concealed at any time, it was not intentional.” The offence consists in having or carrying about the person a concealed weapon. Did the defendant have the pistol upon his person concealed at the time charged ? The evidence shows that the defendant had a quarrel in Dr. Paris’ dining-room at the time he is charged with having the pistol concealed, and the question was, whether it was concealed upon his person at that time, within the true intent and meaning of the statute, not whether he was in the habit of carrying it openly exposed to view at other times. Was the pistol intentionally concealed upon his person at the time charged ? This question must be answered by the facts proved at that time, by the witnesses who saw them, and not by the general habits of the defendant in carrying his pistol at other times. There was no error in the rejection of the testimony offered.
*245 2. The second ground of error is to the charge of the Court to the jury. The record states, “that the Court charged the jury in substance, that if the prisoner had a pistol and it was in Dr. Paris’ during the morning, he was guilty, and they must so find him.” This charge of the Court was error. The offence, under the Code, does not consist in having a pistol in Dr. Paris’ room or house during the morning, but the offence consists in having a pistol (except horseman’s pistols), about his person there not fully exposed to view — that is to say, having a pistol concealed about his person. The jury were instructed by the Court, that if the defendant had a pistol in Dr. Paris’ during the morning he was guilty, and they must so find him, without calling their attention to the fact that, to constitute the offence, the pistol must have been concealed about his person. The fact that the defendant had a pistol in Dr. Paris’ house during the morning, was not an offence under the Code for which the jury could or ought to have found the defendant guilty. The Court should have charged the jury, that, if they believed from the evidence, that the defendant had the pistol concealed about his person in Dr. Paris’ house during the morning, and not in an open manner and fully exposed to view, then they might find him guilty. The having or carrying the pistol about the person of the defendant concealed, constitutes the offence under the Code. Let the judgment of the Court below be reversed.